# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina
Statesville Division

Case No._____

| | |
|---|---|
| JEFFREY NORRIS, Trustee of Norris Family Trust<br>　　　Plaintiff,<br><br>v.<br><br>AUTO-OWNERS INSURANCE COMPANY<br>　　　Defendant. | COMPLAINT<br>(Jury Trial Demanded) |

NOW COMES THE PLAINTIFF, complaining of the Defendant as follows:

## JURISDICTIONAL STATEMENT

This Court has jurisdiction because the plaintiff is a trust organized and existing under the laws of the State of North Carolina, and the defendant is a corporation incorporated under the laws of a state other than North Carolina with its principal place of business in Lansing, Michigan. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

## THE PARTIES

1. The plaintiff is a family trust organized and existing under the laws of the State of North Carolina.

2. Jeffrey Norris is the designated trustee of the Trust.

3. The defendant, Auto-Owners Insurance Company (hereinafter "Auto-Owners"), is an insurance company incorporated in a state unknown to the plaintiff, but which has offices and agents throughout North Carolina.

1

## BACKGROUND

4. At all times relevant to this action, Auto-Owners provided hazard insurance coverage for property located at 170 Penicillin Point, Troutman, Iredell County, North Carolina, ("Property") bearing policy number 53-622-377-00.

5. At all times relevant to this action, the plaintiff had paid all premiums due under the policy to provide coverage.

6. On or about August 7, 2023, a tornadic event struck the property causing severe damage to improvements on the property and the trees, landscaping, and irrigation system around the property. Also damaged was a dock.

7. The plaintiff timely put the defendant on notice of the claim.

8. The plaintiff incurred damages in the amount estimated to be in excess of $300,000 and provided copies of estimates, paid bills, and photographs to establish the loss.

9. The defendant offered $49,495.00 to resolve the claim.

10. The plaintiff informed the defendant that its estimate of damage was substantially incomplete and greatly underestimated.

11. The plaintiff repeatedly requested that the defendant re-evaluate their loss estimate, and despite agreeing to do so, either never did or refused to provide their revised estimate of damages.

12. On or about March 6, 2024, plaintiff's counsel wrote to the defendant and warned that its nominal offer and inaction violated North Carolina General Statute § 58-63-15(11) (Unfair Claim Settlement Practices). A copy of that letter is attached as **Exhibit A.**

13. Counsel for the plaintiff, and Jeff Norris, who is also an attorney and the trustee of the property, repeatedly tried to get the insurance company to review its mistaken estimate and

offer, including, without limitation, the following: emails were sent to the defendant's claim adjusters on March 6, 2024, March 14, 2024, March 18, 2024, March 21, 2024, May 28, 2024, June 11, 2024, June 19, 2024, August 1, 2024, August 6, 2024, August 14, 2024, and August 20, 2024.

14. In addition, both plaintiff's counsel and Jeff Norris had repeated telephone conversations with adjuster(s) trying to get the claim resolved.

15. The plaintiff has paid for all or nearly all of the repairs, (except for additional electrical work that needs to be done to install outlets that were in the former porches and the irrigation system), but the defendant has failed to reimburse the plaintiff or provide an explanation for not paying the claim.

## CLAIM I
## BREACH OF CONTRACT

16. The above paragraphs are hereby incorporated by reference as if fully set forth herein.

17. The defendant owed a contractual duty to pay claims covered by the policy of insurance purchased by the plaintiff from the defendant.

18. The defendant has breached its contract with the plaintiff in one or more of the following ways:

    a. Failed to properly investigate the loss of the plaintiff;
    b. Failed to pay the reasonable cost of repair pursuant to the terms of the policy;
    c. Failed to promptly communicate with the plaintiff regarding his loss;
    d. Forced the plaintiff to expend his own sums to repair and protect the property from further damage, even though the terms of the policy covered the damage.
    e. Failed to provide an explanation for its nominal offer; and
    f. Refused to reimburse the plaintiff for the sums he paid to repair and protect the property after the storm.

19. As a result of the breach of contract, the plaintiff has been damaged in an amount in excess of $75,000.

## CLAIM II
## BAD FAITH

20. The above paragraphs are hereby incorporated by reference as if fully set forth herein.

21. The acts of the defendant, as described above, constitute bad faith dealing.

22. The acts of the defendant violate the Unfair Claim Settlement Practices Act (N.C. Gen. Stat. §58-63-15) in one or more of the following ways:

    a. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

    b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

    c. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;

    d. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

    e. Failing to affirm or deny coverage of claims within a reasonable time after proof-of-loss statements have been completed;

    f. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

    g. Compelling insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured;

    h. Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled; and

    i. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

23. The bad faith acts of the defendant and the violations of the Unfair Claim Settlement Practices Act constitute unfair and deceptive trade practices under Chapter 75 of the North Carolina General Statutes.

24. As a result of the bad faith of the defendant, plaintiff is entitled to the recovery of treble damages and attorney fees in excess of $75,000.

## PRAYER FOR RELIEF

**THEREFORE, THE PLAINTIFF** prays unto the Court for the following relief:

1. That the plaintiff have and recover compensatory and treble damages from the Defendant.
2. That the costs of this action, including reasonable attorney fees (if allowed by law), be recovered from the defendant.
3. That the factual issues be tried to a jury.
4. For such other relief as the Court deems just and proper.

Respectfully submitted, this the 10th day of October, 2024.

/S/ Fred W. DeVore, III
Fred W. DeVore, III – NC State Bar #10308
*fdevore@devact.com*
S. Cramer Lewis – NC State Bar #60966
clewis@devact.com
Shelby L. Gilmer - NC State Bar # 60889
sgilmer@devact.com
*Attorneys for Plaintiff*
DAS Law Group, P.A.
438 Queens Road
Charlotte, NC 28207
(704) 377-5242
(704) 332-2825 *facsimile*